GERALD W. HALCSIK,

        Plaintiff,

  v.                                      Case No. 20-cv-317-pp

GRACE E. KNUTSON,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW, DENYING AS UNNECESSARY PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, DENYING MOTION TO JOIN TWO PLAINTIFFS (DKT. NO. 19) AND ADVISING DEFENDANT TO FILE MOTION TO DISMISS IF SHE SEEKS DISMISSAL**

      On February 26, 2020, plaintiff Gerald Halcsik filed a complaint against the defendant, the Director of Sex Offender Programs for the Wisconsin Department of Corrections, alleging Fourteenth Amendment substantive due process and procedural due process violations under 42 U.S.C. §1983. Dkt. No. 1. The court dismissed the complaint without prejudice and gave the plaintiff an opportunity to amend. Dkt. No. 18. On the deadline the court had set, the plaintiff's counsel filed a motion for leave to withdraw from representing the plaintiff, for leave to join two new plaintiffs under Rule 20(a) and for leave to file an amended complaint. Dkt. No. 19. The plaintiff's counsel stated that they had not been able to reach the plaintiff since early October 2021 and were unsure of his whereabouts. Id. The defendant opposes the request to join the

1

two new defendants and asserts that the court should dismiss the case. Dkt. No. 21.

## I. Factual Background

The plaintiff sued the defendant because he objects to his classification as a sex offender, which he asserts is unconstitutional based on the nature of his conviction. In 2009, the plaintiff pled guilty to one count of residential burglary—Wis. Stat. §943.10(1m)(a)—and two counts of false imprisonment—Wis. Stat. §940.30. Dkt. No. 1 at ¶7. The conviction was based on a burglary that the plaintiff and co-defendant Martrell Rogers committed in August 2006, during which Rogers trapped two minors in an attic. Id. at ¶8. Wisconsin law requires an individual convicted of false imprisonment under Wis. Stat. §940.30 to register as a sex offender if the victim was a minor and was not the offender's child. Wis. Stat. §301.45(1d)(b).The complaint alleges that there never has been any evidence or belief that the false imprisonment of the minors had any sexual motive or involved any sexual component. Id. It asserts that the plaintiff never has been charged with or convicted of any sexual misconduct and challenges the constitutionality of the Wisconsin statute. Dkt. No. 1 at ¶¶11, 20, 25.

The publicly available docket for Racine County Circuit Court shows that on December 10, 2021, a complaint was filed seeking a warrant for the plaintiff's arrest for a second/subsequent failure to comply with or update his sex offender registration in violation of Wis. Stat. §301.45(4)(a) and for tampering with a GPS tracking device in violation of Wis. Stat. §946.465. State

v. Halcsik, 2021CF001884 (Racine County Circuit Court), available at https://wcca.wicourts.gov/. The warrant issued on December 14, 2021; there is no indication that it has been executed.

## II.     Plaintiff's Counsel's Motion to Withdraw

The plaintiff's counsel, Mark Weinberg and Adele Nicholas, have asked to withdraw from representing the plaintiff under Civil Local Rule 7.1(e)(3) (E.D. Wis.) and ABA Model Rule of Professional Conduct 1.16(b)(5). Dkt. No. 19 at 2. They assert that they have been unable to reach the plaintiff; they have attempted to call his known phone numbers as well as those of his family and friends and they have sent him electronic messages. Id. Counsel state that they have not spoken with the plaintiff since early October 2021 and did not know where he was at the time they filed the motion (April 2022). Id. Counsel also indicate that the plaintiff "has absconded from his supervision" and that they can neither provide him adequate representation nor provide him with notice of this motion. Id. at 3.

The defendant responds that the court should dismiss the case, arguing the justiciability (or lack thereof) of the plaintiff's claim for relief. Dkt. No. 21 at 5. Underlying these arguments is the defendant's understanding that the plaintiff has absconded from his supervision and has cut off his GPS monitoring device. Id. at 5.

The defendant argues that the court should dismiss the case under the fugitive disentitlement doctrine. Id. at 6. She asserts that the plaintiff absconded from his extended supervision on October 3, 2021. Id. at 7. The

3

defendant contends that the plaintiff's fugitive status "'places him entirely beyond judicial control, thus creating a situation severely prejudicial to his adversaries.'" Id. (quoting Sarlund v. Anderson, 205 F.3d 973, 975 (7th Cir. 2000)).

The defendant argues that the court should dismiss the case because there is no present case or controversy. Id. at 8. She maintains that the plaintiff's claims are moot due to the plaintiff's having absconded and no longer being monitored by the GPS system. Id. The defendant questions whether the plaintiff may even have passed away, given his dire health situation in October 2021. Id. at 8-9. (Earlier in the litigation, the plaintiff filed a declaration revealing that in May 2021, he was diagnosed with a malignant brain tumor; in September 2021 he was in the process of receiving stem-cell treatment. Dkt. No. 15-1.) The defendant argues that because there is no live case or controversy, the court has jurisdiction. Dkt. No. 21 at 9.

Local Rule 7.1(e)(3) permits an attorney to withdraw from representing a party by filing a motion. To be allowed to withdraw, the attorney must: (1) "show good cause for the withdrawal"; (2) "serve a copy of the moving papers on the party"; (3) "advise the party of the date and time of hearing, if the judge chooses to schedule a hearing, and whether attendance at the hearing will be in person, by telephone or by zoom conference"; and (4) "advise the party whether the court requires the party's attendance at the hearing, if one is scheduled." Civil L.R. 71(e)(3)(A)-(D).

4

The plaintiff's attorneys have shown good cause for withdrawal. They have argued—and the defendant does not dispute—that they no longer are in communication with the plaintiff even after extensive efforts to locate and speak with him. See dkt. no. 19 at 2-3. The defendant asserts that the plaintiff (if he is still living) is a fugitive, and the public record supports this claim.

Because the plaintiff's counsel cannot find or communicate with him, they cannot fulfill the remaining three requirements for withdrawing. They cannot serve their motion on the plaintiff. They cannot advise him of the time and date of any hearing. Even if the court decided a hearing was needed and scheduled a hearing, there is no way to advise the plaintiff of those facts.

The court has faced a similar issue in the past. In Scharrer v. C.R. Bard, Inc., the court granted counsel's motion to withdraw where counsel for the plaintiff was unable to reach the plaintiff. Case No. 19-cv-1565-pp, Dkt. No. 21 (E.D. Wis. March 8, 2021). In Scharrer, the plaintiff's counsel provided a certificate of service attesting that they had served a copy of their motion to withdraw on the plaintiff by first class mail. Id. at 3. Based on that effort, the court concluded that counsel had tried to give the plaintiff notice of their intent to withdraw. Id.

In this case, the plaintiff's counsel has not filed such a certificate, but for good reason. As the court noted above, in September 2021 the plaintiff filed a declaration in support of another pleading. Dkt. No. 15-1. In that declaration, the plaintiff claimed to be homeless, averring that he was staying "three or four nights a weeks [sic] at the homes of two different sets of friends and three or

5

four nights a week outside in the woods on the river banks at the Root River in Racine." Id. at ¶14. Given the plaintiff's homeless status and counsel's inability to locate him, his attorneys cannot serve him a copy of the motion by first class mail. The court will grant the plaintiff's counsels' motion to withdraw from representing the plaintiff.

### III. Amended Complaint (Dkt. No. 19-1)

The plaintiff's counsel have provided a proposed amended complaint which includes a Fourth Amendment challenge. Dkt. No. 19-1. The proposed amended complaint includes allegations by Martell Rogers and Isaac Metz, whom the plaintiff's counsel seeks to join as plaintiffs. Id. at 5-6.

The defendant argues that the court should not accept the amended complaint, asserting that the amended complaint contains Fourteenth Amendment procedural claims that the court already has dismissed. Dkt. No. 21 at 10. Counsel also argues that the amendment as to the Fourth Amendment claim would be futile. Id. The defendant argues that a Fourth Amendment claim as to GPS monitoring would fail as a matter of law because the plaintiff has a reduced expectation of privacy due to being on supervision. Id. at 10-14.

The defendant urges the court to reject an amended complaint that the court specifically allowed the plaintiff to file; in its March 24, 2022 order, the court specifically told the plaintiff that if he wanted to file an amended complaint alleging a Fourth Amendment claim regarding the lifetime GPS monitoring requirement, he must do so by April 22, 2022. Dkt. No. 18 at 44. In

6

fact, it is not clear why the plaintiff's counsel asked for "leave" to file the amended complaint given the fact that in the March 24, 2022 order, the court had invited the plaintiff to do so. While the court understands the defendant's frustration with the situation the plaintiff has (deliberately or unintentionally) created, the court will not reject an amended complaint that the court invited the plaintiff to file. The court will deny as unnecessary the plaintiff's request for leave to file the amended complaint.

As for the defendant's argument that amendment would be futile, the true nature of that argument is a request for the court to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A brief in opposition to a motion to join parties is not the appropriate mechanism by which to assert a Rule 12(b)(6) claim. If the defendant wants the court to consider the issue of whether the amended complaint states a claim for which this court may grant relief, the appropriate way for her to do so is to file a motion to dismiss the amended complaint.

**IV.     Motion to Join New Plaintiffs**

The plaintiff's counsel ask leave to join two new plaintiffs under Rule 20(a), Martell Rogers and Isaac Metz. Dkt. No. 19 at 2. Counsel argue that Rogers's claims arise from the same events as the plaintiff's, because "the two were co-defendants in the same criminal case arising from the same residential burglary" and both were convicted of false imprisonment of a minor due to Rogers's conduct. Id. at 5. The plaintiff's counsel also argues that the plaintiff,

7

Rogers and Metz are challenging the constitutionality of the same statute, Wis. Stat. §940.30, and its application to non-sexual crimes. Id.

The plaintiff's counsel assert that there are common questions of law among the plaintiff and the two proposed additional plaintiffs. Counsel argue that the plaintiff and each of the two putative plaintiffs are arguing that the statute violates their Fourteenth Amendment substantive and procedural due process rights based on the Fourth Amendment's prohibition against unlawful searches and seizures. Id. at 6. Finally, counsel argue that joinder would preserve judicial resources and lead to a faster determination of the claims. Id.

The defendant responds that the motion is outside the scope of the court's March 24 order, is untimely and would be prejudicial. Dkt. No. 21 at 15. She first argues that the court's order instructed the plaintiff to file an amended complaint if he so chose. Id. She asserts that the court did not say anything about adding plaintiffs or new claims by other plaintiffs and argues that this is a sufficient basis for the court to deny joinder of the new plaintiffs. Id. at 15-16 (citing Palm Beach Strategic Income, LP v. Salzman, 457 F. App'x 40, 43 (2d Cir. 2012)).

The defendant argues that the plaintiff's motion is not really a motion for permissive joinder under Rule 20(a), but a motion to intervene under Rule 24(b). Id. at 16. She argues that "[g]iven his attorneys' request to withdraw and the fact that [the plaintiff] has not been heard from since October 2021, it is unlikely that *he* is or would seek to add new plaintiffs to this case that would be represented by attorneys that no longer want to represent him." Id. at 17

(original emphasis). She also argues that Rogers is incarcerated until August 8, 2033 and thus does not share a common claim with the plaintiff. Id. at 18. As to Metz, the defendant argues that he shares only the proposed Fourth Amendment claim with the plaintiff. Id. at 18. The defendant also argues that, as to that shared claim, Metz is in a different position than the plaintiff because Metz also was charged with a sexually motivated offense in addition to his conviction for false imprisonment of a minor. Id.

The defendant asserts that the motion is untimely because the case is over two years old and the plaintiff's attorneys had to have known about Rogers when they filed the complaint. Id. The defendant argues argues that Metz has offered no explanation about why it has taken him so long to seek to intervene. Id. The defendant argues that the late motion is prejudicial because previously she successfully obtained dismissal of the Fourteenth Amendment claims. Id. at 19. She asserts that Rogers and Metz would not be prejudiced by denial of the motion because "all they have to do is file a new action." Id.

Finally, the defendant argues that if the court reaches the Rule 20(a) joinder analysis, the court should deny the motion for the same reasons the defendant urges the court to deny the motion under Rule 24(b)—adding Rogers and Metz will delay the case, prejudice the defendant and waste judicial time and resources. Id. at 19-20.

Because their lawyers asked to join Rogers and Metz under Rule 20(a), the court first will consider the request under the standard applicable to that rule. Federal Rule of Civil Procedure 20 allows multiple persons to "join in one

9

action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)–(B). The common question of law or fact "need not predominate," because permissive joinder requires only the existence of "any" question of law or fact common to all plaintiffs. Lee v. Cook Cty., Ill, 635 F.3d 969, 971 (7th Cir. 2011). The district court has broad discretion in deciding whether to allow joinder; it can consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." Chavez v. Ill. State Police, 251 F.3d 612, 632 (7th Cir. 2001) (quotation marks omitted) (citing Intercon Res. Assoc., Ltd. v. Dresser Indus., Inc., 696 F.2d 53, 56 (7th Cir. 1982)). "If joinder would create 'prejudice, expense or delay' the court may deny the motion." Id.

First, the court cannot conclude that all three individuals—the plaintiff, Rogers and Metz—are seeking joinder. The plaintiff has been missing in action for almost eighteen months. The court has allowed his attorneys to withdraw from representing him because they have not been able to find him or speak with him. There is no evidence that he is aware that the lawyers are seeking to join two plaintiffs or that he has consented to joinder of those plaintiffs.

Second, the claims of each of the three individuals do no arise out of the same transaction, occurrence or series of transactions or occurrences. The plaintiff was charged in Racine County Circuit Court in December 2008 and

was sentenced in November 2009. State v. Halcsik, Case No. 2008CF001529 (Racine County Circuit Court) (available at https://wcca.wicourts.gov). The plaintiff and Rogers were arrested and charged because of the same events, and Rogers also was charged in December 2008; he went to trial and was convicted on six charges in January of 2011 and was sentenced in April 2011. State v. Rogers, Case No. 2008CF001519 (Racine County Circuit Court) (available at https://wcca.wicourts.gov). Metz, however, was arrested on a different occasion for a different offense. The publicly available docket shows that in May 2014—years after the plaintiff and Rogers were charged and convicted—Metz pled no contest to third-degree sexual assault in violation of Wis. Stat. §940.224(3) and false imprisonment in violation of Wis. Stat. §940.30; the State dismissed and read in charges of strangulation and suffocation in violation of Wis. Stat. §940.235(1) and disorderly conduct in violation of Wis. Stat. §947.01(1). State v. Metz, 2014CF000133 (Manitowoc County Circuit Court) (available at https://wcca.wicourts.gov).

Third, it is not clear that the three individuals share questions of law or fact in common. The plaintiff has argued that the reason he should not be subject to the sex offender registration requirements is because he had nothing to do with falsely imprisoning the minors (and was not aware that Rogers was doing so), and that the false imprisonment had no sexual component, meaning that he never has been convicted of a sex offense. Rogers cannot argue that he had nothing to do with falsely imprisoning the minors. Unlike the plaintiff, Rogers is still serving the incarceration component of his sentence and is not

11

subject to GPS monitoring or the other requirements of the sex offender registry. See https://appsdoc.wi.gov/lop/detail.do (last visited March 18, 2023). His mandatory release date is August 8, 2033 and his maximum discharge date is July 29, 2048. Id. Metz is subject to sex offender registration requirements regardless of the false imprisonment conviction because he also has been convicted of third-degree sexual assault under Wis. Stat. §940.225(3) (which makes clear that his victim was an adult).

Because Rogers is still serving the incarceration component of his sentence, it appears that, unlike any Fourth Amendment claim the plaintiff may assert, Rogers has no *ripe* Fourth Amendment claim. He will not be subject to the sex offender registration requirements until his release. Even if his factual circumstances did not differ from the plaintiff's (in that he falsely imprisoned the minors during the burglary while the plaintiff did not), the court could not join his claims with the plaintiff's because the plaintiff's claims (to the extent that he has any) are ripe and Rogers's are not.

The court will deny the motion for permissive joinder under Rule 20(a). If, as the defendant suggests, the attorneys for Rogers and Metz meant to seek permissive intervention under Rule 24(b), the court will deny that motion. As the defendant points out, the motion is not timely, coming well over two years after the litigation began, after the court has ruled on several motions and after the plaintiff has disappeared. The attorneys for the putative plaintiffs have stated no federal statutory conditional right to intervene, and as the court has concluded, it is questionable whether Rogers has a claim or defense that

12

shares a common question of fact with the plaintiff and clear that Metz does not. The court will not allow Rogers and Metz to join or intervene.

## V.     Arguments for Dismissal

Halcsik, the only plaintiff, no longer is represented by counsel and his whereabouts (and physical condition) are unknown. The defendant has argued that under these circumstances, the court has bases for dismissing the case, but she made these arguments in opposition to a motion for leave to join plaintiffs and amend the complaint. The court will comment on the arguments, but if the defendant wants the court to rule, she must file a motion to dismiss.

### A.     Fugitive Disentitlement Doctrine

"The fugitive disentitlement doctrine is a discretionary device by which courts may dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice." Gutierrez-Almazan v. Gonzales, 453 F.3d 956, 957 (7th Cir. 2006). While this rule does not apply to all fugitives, see Degen v. United States, 517 U.S. 820 (1996), the Seventh Circuit has determined that it applies when "the plaintiff's fugitive status places him entirely beyond judicial control," Sarlund, 205 F.3d at 975. In Sarlund, the plaintiff fled from Wisconsin, becoming a fugitive, while his §1983 claim against law enforcement officers remained pending. Id. at 974. In deciding that dismissal was appropriate, the Seventh Circuit noted the prejudice to the defendants by the plaintiff's fugitive status and the lack of alternative protection from the risk of harassment. Id.

13

Since October 2021, the plaintiff has not communicated with his attorneys, has not complied with the requirements of his supervision and has removed his GPS monitoring device. But the court is not clear on how his fugitive status prejudices the defendant. The plaintiff is challenging the constitutionality of Wis. Stat. §301.45(1d)(b). Dkt. No. 1 at ¶2. The proposed amended complaint, in which the plaintiff remains listed as a party, makes the same challenge. Dkt. No. 19-1 at ¶1. The complaint raises *legal* disputes, not factual ones. There appears to be no need for an evidentiary hearing or for the plaintiff's testimony. Perhaps, were the court to rule in the defendant's favor on the constitutional claim, the plaintiff's absence could impact the enforceability of an award of fees and costs; the court does not know. If the defendant elects to file a motion to dismiss and argues the fugitive disentitlement doctrine, the defendant should address how she is prejudiced by the plaintiff's fugitive status.

B.  Mootness

"Mootness is a threshold jurisdictional question that insures that the court is faithful to the case or controversy limitation in Article III of the Constitution." Evers v. Astrue, 536 F.3d 651, 662 (7th Cir. 2008) (citing Protestant Mem'l Med. Ctr., Inc. v. Maram, 471 F.3d 724, 729 (7th Cir. 2006)). "A case becomes moot when a party's legally cognizable interest in the litigation ceases to exist, and the case must be dismissed for lack of jurisdiction." Id. (citing St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 626 (7th Cir. 2007)). "A case may become moot if the court 'can no longer affect the

14

rights of litigants in the case'" Id. (quoting Worldwide Street Preachers' Fellowship v. Peterson, 388 F.3d 555, 558 (7th Cir. 2004)) (quotation omitted).

The defendant argues that the case should be dismissed as moot because there no longer is a case or controversy. Dkt. No. 21 at 8. The defendant argues that because the plaintiff has absconded and cut off the GPS device, he no longer is suffering any "injury" from being subjected to the sex offender registration requirements. The court is not certain the issue is so clear. If the plaintiff were to be apprehended tomorrow, he would be exposed to punishment for failing to comply with the requirements of the sex offender registration requirements. After any future term of incarceration, he might still be subject to those requirements; those requirements still apply to him, even though he appears to be ignoring them. If the defendant elects to file a motion to dismiss, she should address the fact that the plaintiff remains subject to the sex offender requirements and would face ramifications for his failure to comply with them if he were to be apprehended.

## VI. Conclusion

The court **GRANTS** the motion of Attorneys Adele Nicholas and Mark Weinberg to withdraw from representing the plaintiff. Dkt. No. 19.

The court **ORDERS** that Attorney Adele Nicholas and Attorney Mark Weinberg are relieved of their obligations to the plaintiff.

The court **DENIES AS UNNECESSARY** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 19.

The court **ORDERS** that the clerk's office must docket the proposed amended complaint at Dkt. No. 19-1; that amended complaint will become the operative complaint, but with only one plaintiff: Gerald Halcsik.

The court **DENIES** the Rule 20(a) motion to permit Rogers and Metz to join the case as plaintiffs. Dkt. No. 19.

The court **ORDERS** that if the defendant seeks dismissal of the case, she must file a motion seeking dismissal, asserting all the bases justifying dismissal and addressing the issues raised in this decision.

Dated in Milwaukee, Wisconsin this 21st day of March, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**